

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 31, 1949

Hon. Claude Isbell
Executive Secretary
Board of Regents
State Teachers Colleges
Austin, Texas

Opinion No. v-834

Re: The eligibility of a public
school teacher or a member
of a public school board to
collect per diem as a member
of the Board of Regents,
State Teachers Colleges.

Dear Sir:

We refer to your recent letter which, in sub-
stance, reads as follows:

One member of the Board of Regents of Tex-
as State Teachers Colleges is also a member of
the Board of Trustees of an Independent School
District. As a member of the school district
board, he receives no compensation whatsoever.
Question: May he receive per diem in attendance
upon Board of Regents meetings?

One other member of the said Board of
Regents is also a teacher in the public
schools of an Independent School District.
She draws pay for teaching service. Ques-
tion: May she receive per diem in attend-
ance upon Board of Regents meetings?

Subsection 6 of Article 2647, V.C.S., apper-
taining to the per diem of the Board of Regents of the
State Teachers Colleges, provides in part:

" . . .Each and every member of said
board shall receive five dollars per day for
the time spent attending the meetings provid-
ed for in this law. . ., said compensation
to be paid to the several members of the
board out of the appropriation for the sup-
port and maintenance of the said State
Teachers' Colleges as the board may direct."

Former Attorney General Opinion No. 0-5157
held that membership on the Board of Regents of the

State Teachers Colleges is an office.  By virtue of the compensation provided in Article 2647, subsection 6, it is an office of emolument.  A. G. Opinion V-462.

Membership on the board of trustees of an independent school district is an office.  34 Tex. Jur. 332, Public Officers, Sec. 7.  Since such a trustee serves without compensation, it is not an office of emolument.  Article 2775, V.C.S.; State v. Martin, 51 S. W.2d 815 (Tex. Civ. App. 1932); A.G. Opinions Nos. V-63, 0-3308, 0-1422, 0-3730, 0-2701, 0-2528; 34 Tex. Jur. 349, Public Officers, Section 17.  But a trustee of an independent school district holds an office of honor and trust within the meaning of Section 33 of Article XVI, of the Texas Constitution. A. G. Opinions Nos. 0-1422, 0-2701.

A school teacher, however, is not a public officer and does not hold, as such, a civil office of emolument.  A. G. Opinions V-325, 0-4902, 0-4669, 0-4628, 0-371 and cases cited therein.  The annotation in 75 A.L. R. 1355 concludes: "The courts are almost unanimous in holding that the position of a teacher is that of employee resting on contract."  A. G. Opinions: V-689, 0-7396, 0-4982.

Thus, the constitutional prohibition against the holding of more than one office of emolument (Tex. Const. Art. XVI, Sec. 40) is inapplicable to the two questions submitted.  We can conceive of no reason why the duties of a member of the Board of Regents of State Teachers Colleges should be in any manner incompatible with the duties either of (1) a member of the board of trustees of a school district, or (2) a teacher in a school district.  A. G. Opinions: V-63, 0-1422, 0-989. Therefore, one person may hold office as a member of the Board of Regents of State Teachers Colleges and, at the same time, hold office as a trustee of an independent school district or serve as a teacher in a school district.

But as to the matter of salary or compensation to be paid a person holding two such offices or positions of honor, trust, or profit, we are confronted with Section 33 of Article XVI, Constitution of Texas, which provides in part:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary

or compensation as agent, officer or appointee who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution."

The Construction of Section 33 of Article XVI was involved in former Attorney General Opinion No. O-2607, cited in Opinion O-4902. We quote therefrom as follows:

"It is clear that this section (Section 33) does not seek to prohibit the serving of the State by one individual in more than one capacity. The provision addresses itself only to the matter of compensation. Thus, a man may hold two offices, or an office and a position of honor or trust under the State, if no compensation attaches to either place. But if he holds an office, or is an agent or appointee, and to such place compensation attaches, he may not be paid for services rendered in that capacity during the period of time that he holds another position of honor or trust under the State or the United States. . ."

Opinions O-2607 and V-325 also advise to the effect that although a school teacher does not hold an office, he does hold a "position of honor, trust, or profit" within the meaning of Section 33, Article XVI. These opinions held further that a person may legally serve as a part-time instructor in a State supported college and at the same time serve as a part-time teacher in a school district where the duties to each position do not overlap and are in no way inconsistent. However in doing so he forfeits all right to any salary or compensation to which he might have been entitled as instructor in the college.

Even more pertinent to the facts under consideration is former Attorney General Opinion No. O-1422 which held that a person may legally serve on the Board of Directors of the Texas College of Arts and Industries and at the same time serve as a member of the board of trustees of an independent school district; but in doing so he forfeits all right to any compensation to which he may be entitled as a director of the college by reason of Section 33 of Article XVI. See attached Opinion No. O-5157 concerning the Board of Regents of State Teachers Colleges involving other dual positions.

It is noted, however, that Section 33 of Article XVI pertains only to the authority of the accounting officers of the State to draw or pay a warrant on the Treasury, and has nothing whatever to do with the authority of a school district to pay the salaries of its teachers. A. G. Opinions V-759, V-689, V-325, 0-5087, 0-4982, 0-7491.

Accordingly, we answer both your submitted questions in the negative.

### SUMMARY

One person may hold office as a member of the Board of Regents of Texas State Teachers Colleges and at the same time hold office as a trustee of a school district, there being no emolument attached to the latter office. A regent may also serve as a teacher in a school district since a teacher is an "employee" and not an "officer." Tex. Const. Art. XVI, Sec.40; A. G. Opinion No. 0-1422. He may not, however, be paid the per diem compensation for Board of Regent members provided in Article 2647, subsection 6, V.C.S., during the time he holds such other office or position of honor, trust, or profit. Tex. Const. Art. XVI, Sec. 33; A. G. Opinion No. 0-5157.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison

CEO;bh:jrb

APPROVED

*Price Daniel*

ATTORNEY GENERAL